IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MORPHOSYS AG, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 16-221-LPS-CJB |
| JANSSEN BIOTECH, INC., GENMAB US, INC. and GENMAB A/S, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Having reviewed the parties' briefing relating to Defendants' motion for reargument, clarification, and/or certification for interlocutory appeal under 28 U.S.C. § 1292(b), IT IS HEREBY ORDERED that Defendants' motion (D.I. 227) is DENIED.

1. "Motions for reargument shall be sparingly granted," D. Del. LR 7.1.5, and are only warranted when there is an intervening change in controlling law, newly available evidence, or the need to correct a clear error of law or fact to prevent manifest injustice, *see FlashSeats, LLC v. Paciolan, Inc.*, 2011 WL 4501320, at *1 (D. Del. Sept. 28, 2011), *aff'd*, 469 F. App'x 916 (Fed. Cir. 2012).

2. Defendants contend that the Court committed clear error of law in its October 26, 2017 discovery order ("Order") (*see* D.I. 224) by concluding that Defendants' privilege waiver extends to communications with opinion counsel pre-issuance of the patent-in-suit and post-filing of the complaint. Defendants have not met their burden to demonstrate that reargument is warranted.

3. Beyond a broad, conclusory assertion in a footnote that Defendants disagree with

1

the Court's decision in *Johns Hopkins Univ. v. Alcon Labs., Inc.* ("*JHU*"), 2017 WL 5172395, at *2 (D. Del. Nov. 8, 2017), which found that a privilege waiver may extend to pre-patent issuance and post-complaint conduct, Defendants have not pointed to any purported clear error of fact or law in the Order. Defendants' criticisms of the Court's holdings are unavailing in the context of the pending motion.

4. As the Court stated in the Order, there are no "rigid rules" or "clearly delineated black-and-white timelines" governing the scope of the waiver of attorney-client privilege that occurs when a party voluntarily discloses advice of counsel to defend against a claim of willful patent infringement. (D.I. 224 at 25) Here, the record supports a finding that there is "relevance to materials both that postdate the filing of the complaint and that predate the issuance of the patent," and "balanc[ing] that relevance against any burden that may be apparent from the record . . . does not provide a meritorious basis under the facts and circumstances here to preclude that discovery." (*Id.*) Defendants plainly disagree with these findings, but mere disagreement does not provide a basis for reconsideration of a decision the Court has already made. *See generally Pahler v. City of Wilkes-Barre*, 207 F. Supp. 2d 341, 355 (E.D. Pa. 2001) ("[M]ere disagreement with the court's reliance on certain cases, and exclusion of others, is grounds for an appeal, not a motion for reconsideration.").

5. As alternative relief, Defendants request that the Court certify the Order for interlocutory appeal. The Court reiterates here its holding from *JHU*:

> Certification of a district court order for an interlocutory appeal is appropriate "[w]hen a district judge . . . [is] of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The [] Order

2

> does not implicate a controlling question of law. Rather, it
> resolved a discovery dispute between the parties. Immediate
> appeal would not materially advance the ultimate termination of the
> litigation but would, instead, almost certainly delay resolution.
> Moreover, no "exceptional circumstances" are presented here that
> warrant deviation from the final judgment rule.

2017 WL 5172395, at *2. Accordingly, the Court will not certify the Order for appeal under § 1292(b).

6. To the extent not already clear, Defendants shall produce all documents and communications with opinion counsel relating to the non-infringement and invalidity of MorphoSys's '746 and '061 patents, including any documents or communications relating to the same subject matter. *See Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) ("The widely applied standard for determining the scope of a waiver . . . is that the waiver applies to all other communications relating to the same subject matter."). Therefore, if Morphosys's foreign counterpart patents or patent applications relate to the same subject matter as the opinions being produced, then Defendants shall produce documents relating to these foreign counterpart patents as well.

IT IS FURTHER ORDERED that the parties shall meet and confer and, no later than January 2, 2018, submit a joint status report addressing the impact, if any, of today's order on Defendants' concurrently-filed motion for bifurcation of willfulness or stay of the privilege discovery order, including the parties' position(s) as to whether oral argument on Defendants' motion, currently scheduled for January 23, 2018, should proceed.

December 27, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE