**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **MORPHOSYS AG**, | |
| Plaintiff, | C.A. No. 16-221 (LPS) (CJB) |
| v. | **JURY TRIAL DEMANDED** |
| **JANSSEN BIOTECH, INC.**, **GENMAB US, INC. and GENMAB A/S** | |
| Defendants. | |

## JOINT STATUS REPORT

Pursuant to the Court's December 27, 2017 Memorandum Order (D.I. 255) ("the December 27 Order"), Plaintiff MorphoSys AG ("MorphoSys") and Defendants Janssen Biotech, Inc., Genmab A/S, and Genmab US, Inc. (collectively "Defendants") submit this Joint Status Report. The parties met and conferred on December 28, 2017, but did not agree on the impact of the December 27 Order on Defendants' motion for bifurcation of willfulness or stay of the October 26, 2017 discovery order (D.I. 228), including whether oral argument, currently scheduled for January 23, 2018, should proceed. The parties submit the competing positions below.

**MorphoSys's Position**

A jury trial in this case is scheduled for February 2019, and fact discovery is set to close on March 2, 2018. D.I. 204. Depositions of Defendants' witnesses are scheduled throughout January and February 2018. Defendants continue to withhold relevant documents despite Your Honor's ruling on October 26, 2017 that Defendants waived privilege over such documents and those documents must be produced. 2017/10/26 Hr'g Tr. at 24:17-26:11, 33:14-34:10. Rather than comply, Defendants are selectively producing the documents they unilaterally deem not prejudicial. Plaintiff informed Defendants of authority holding that such self-granted stays are

improper.   2017/12/06 Email from counsel for Plaintiff to counsel for Defendants (citing *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989), and other cases are in accord.  *See, e.g.*, *Applied Biosystems, Inc. v. Cruachem, Inc.*, No. 89-579, 1990 WL 495458, at *1-2 (D. Del. Aug. 3, 1990).  The first witness likely to have knowledge of privilege-waived information is scheduled for January 18, 2018.

The December 27 Order affirms the Court's October 26 ruling in total, and further holds that grounds for interlocutory appeal of the October 26 ruling are not present.  D.I. 255 at 2-3. The December 27 Order *de facto* denies Defendants' request for a stay of discovery on willfulness and obviates need for oral argument on that issue scheduled for January 23, 2018. Defendants' reasoning for a stay of discovery, including arguments about "prejudice," are essentially the same as that presented for reargument and interlocutory appeal, which has now been denied.  *Compare* D.I. 227 at 1, 9-10 *with* D.I. 228 at 7-9.  Indeed, Defendants argued they should be granted a stay because they were likely to succeed on the merits "[f]or all the reasons set forth in the concurrently filed Reargument Motion."  D.I. 228 at 7.  Despite this Court's October 26 and December 27 rulings, Defendants have not agreed to withdraw even their motion to stay.  In light of the status of the case and the Court's prior rulings, MorphoSys believes the most efficient way to proceed would be for the Court to deny the motion to stay formally, based on the reasoning of the December 27 Order and to defer consideration of bifurcation until closer to trial.  However, if the Court prefers to consider these issues at oral argument now, MorphoSys will be prepared to address them on January 23.

The Court "DENIED" Defendants' motion for reargument, clarification, and/or certification, and correctly affirmed that the waiver extends to documents or communications relating to the "same subject matter."  D.I. 255 at ¶ 6.  Defendants' suggestion set-forth below

that the December 27 denial limited the waiver to "documents and communications with opinion counsel" is therefore incorrect.  In its October 26 ruling, the Court accepted the relief sought by MorphoSys that communications of in-house counsel related to the validity or infringement of the patents-in suit were waived.  2017/10/26 Hr'g Tr. at 24:17-26:11; D.I. 211.  Indeed, Defendants recognized that, having told the Federal Circuit in their proposed "*amicus*" brief in *JHU v. Alcon* that "the same district court recently issued a similar order rejecting any temporal or subject matter limitation and compelling the broad production of in-house counsel's privileged communications."  D.I. 254 at Ex. D.

The mandamus petition in *JHU v. Alcon* and Defendants' speculation about the likelihood of its success should not impact this case.  "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *See Brinkmeier v. Graco Children's Prods.*, 767 F. Supp. 2d 488, 493-94 (D. Del. 2011) (denying stay despite pending mandamus petition); *see also* D.I. 233 at 18.  Regardless of the outcome of Alcon's petition, Defendants in this case will not be able to show that this Court's October 26 ruling was a clear abuse of discretion or usurpation of judicial power.  Immediate compliance with the Court's October 26 ruling is appropriate and will not be an additional waiver of privilege or create an unreviewable prejudice post-judgment.  D.I. 233 at 18-19; *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109-110 (2009); *see Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1427, n.14 (3d Cir. 1991).

**<u>Defendants' Position</u>**

The Court's December 27 Order requires Defendants to produce "all ***documents and communications with opinion counsel***, including any documents or communications relating to the same subject matter." D.I. 255 at ¶6 (emphasis added); *see also* ¶2.  If, as the Order suggests,

Defendants are only required to produce documents and communications with opinion counsel (as opposed, for example, to communications between in-house counsel), Defendants have no objections, and will fully comply without further briefing or objections, and the January 23 hearing can be canceled.

That said, in its October 26 oral Order, the Court appeared not to limit the required production to communications with opinion counsel. *See* Tr. At 5:2-7 (Plaintiff's counsel seeking production of all documents, not just those involving opinion counsel); Tr. 24:25-25:3 (Court holding that "the waiver extends to all documents and communications on that same subject matter and is not as narrow as defendants appear to be arguing"). Thus, the following discussion is provided in case the Court intends for the waiver to apply irrespective of whether opinion counsel was involved.

Defendants have worked diligently to comply with the Court's October 26, 2017 Order. In addition to the more than 5,000 pages of willfulness-related documents previously produced, Defendants have since produced tens of thousands of additional pages from both Janssen and Genmab related to the subject matter of the opinions. Further, Defendants are reviewing and producing documents from the ten additional custodians identified by MorphoSys in order to produce additional documents related to MorphoSys's willfulness claim consistent with the Court's October 26, 2017 Order. (Oct. 26, 2017 Tr. at 34.) Defendants are not withholding documents related to Morphosys's European patents and patent applications to the extent such documents relate to the same subject matter as the produced opinions. (D.I. 255 at ¶ 6.) Defendants are producing these documents as quickly as possible, on a rolling basis. Defendants have also provided updated privilege logs and are continuing to work with MorphoSys on these logs.

4

Defendants are withholding only two categories of materials at the present time: (1) in-house communications generated after the filing of this litigation and (2) communications prior to the issuance of the patents-in-suit.  But Defendants have not engaged in "self-help."  To the contrary, Defendants sought rehearing or clarification, and also filed an amicus brief in *JHU v. Alcon*.  Importantly, there is every indication the Federal Circuit is taking Alcon's petition seriously, as it directed JHU to respond.  Moreover, three prominent organizations—the Association of Corporate Counsel (ACC), the Biotechnology Innovation Organization (BIO), and the Pharmaceutical Research and Manufacturers Association (PhRMA)—also filed *amicus* briefs supporting Alcon.  D.I. 254.  Given the gravity of these issues, the Court should allow the Federal Circuit to decide these issues before forcing Defendants to produce the materials.[1]

With respect to the pending motion to stay or bifurcate discovery, Defendants believe that oral argument should proceed per the Court's Order on January 23.  Far from mooting the issue, the Court's decision denying reconsideration makes the need for bifurcation or stay of discovery on willfulness more pressing.  After all, the prejudice to Defendants from having to produce potentially privileged documents cannot be undone.  Moreover, staying or bifurcating willfulness will allow the case to move forward while the Federal Circuit addresses the privilege issues raised in the *JHU* case and here.  Although Morphosys suggests that bifurcation will delay the case, the opposite is true.  Bifurcating or staying discovery on willfulness will allow the parties to continue litigating infringement and validity of the patents-in-suit without any delay due to appellate filings.  In the event there is a need for trial on willfulness, both discovery and a

---

[1] Plaintiff's citations to *Willemijn* and *Applied Biosystems* are misplaced.  There, defendants refused altogether to provide otherwise unobjectionable discovery on certain issues (damages and antitrust liability), based on motions to sever or stay.  In contrast, Defendants *are* providing extensive willfulness discovery.  They are only withholding certain privileged materials, since the prejudice from being forced to produce them cannot be undone.  Neither *Willemijm* nor *Applied Biosystems* addressed remotely analogous facts.

hearing could be completed in short order after trial on infringement and validity.  MorphoSys

does not have a competing product, and it is not seeking an injunction.  So bifurcation or stay of

willfulness discovery will not cause it prejudice.

In summary, if the waiver is limited to documents or communications involving opinion

counsel, there is no need for a hearing on January 23, and Defendants will withdraw their

pending motion to bifurcate.  But if it is not so limited, Defendants respectfully request the

opportunity to address these issues more fully at oral argument on January 23.

*      *      *

| | |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A. | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Kelly E. Farnan* | */s/ Jack B. Blumenfeld* |
| Kelly E. Farnan (#4395) | Jack B. Blumenfeld (#1014) |
| Christine D. Haynes (#4697) | Brian P. Egan (#6227) |
| One Rodney Square | 1201 North Market Street |
| 920 North King Street | P.O. Box 1347 |
| Wilmington, DE  19801 | Wilmington, DE  19899 |
| (302) 651-7700 | (302) 658-9200 |
| farnan@rlf.com | jblumenfeld@mnat.com |
| haynes@rlf.com | began@mnat.com |
| | |
| James F. Hurst | Michael A. Morin |
| Kirkland & Ellis LLP | David P. Frazier |
| 300 North LaSalle | Emily K. Sauter |
| Chicago, Illinois 60654 | Latham & Watkins LLP |
| 312-862-2000 | 555 Eleventh Street, NW, Suite 100 |
| | Washington, DC 20004 |
| Patricia A. Carson | |
| Christopher T. Jagoe | Roger J. Chin |
| Kirkland & Ellis LLP | Latham & Watkins LLP |
| 601 Lexington Avenue | 505 Montgomery Street |
| New York, NY 10022 | Suite 2000 |
| 212-446-4800 | San Francisco, CA 94111 |
| | |
| *Attorneys for Plaintiff* | Michael R. Seringhaus |
| | Latham & Watkins LLP |
| | 140 Scott Drive |
| | Menlo Park, CA 94025 |
| January 2, 2018 | |
| | *Attorneys for Defendants* |